UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------X
                            :
KINOJUZ, I.P.,              :
                            :    11-CV-299 (DLI)(VVP)
            Plaintiff,      :
                            :    February 1, 2012
                            :
          V.                :    Brooklyn, New York
                            :
IRP INTERNATIONAL, INC.,    :
et al.,                     :
            Defendant.      :
----------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
BEFORE THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          GEORGE LAMBERT, ESQ.
                            PETER JOSEPH, ESQ.


For the Defendant:          OULIAN DOUBININE, PRO SE
                            IGOR ERLIKH, PRO SE

Audio Operator:


Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  Civil cause for oral argument, 11-CV-

2    299, Kinojuz, I.P. v. IRP International, Inc., et al., the

3    Honorable Viktor Pohorelsky presiding.

4          Counsel and pro se defendants, please state your

5    appearances for the record.

6          MR. LAMBERT:  George Lambert for Kinojuz, the

7    plaintiff, acting pro hoc vice of this case, under the

8    supervision of my senior colleague, Peter Joseph.

9          MR. JOSEPH:  Peter Joseph for the plaintiff, also.

10          MR. ERLIKH:  Igor Erlikh, defendant.

11          MR. DOUBININE:  Oulian Doubinine, defendant.

12          THE COURT:  All right.  We have a number of

13    motions pending that I have now had a chance to consider.  I

14    don't believe that I need much in the way of additional

15    argument but I will let you know as we proceed, if I do.

16          The principal motion or I guess the motion that I

17    have to address first is the plaintiff's motion for a

18    default against the corporation.  As I have told the

19    defendants in the past, the corporate defendant can only

20    appear in court represented by counsel.  Counsel has not

21    appeared on behalf of IRP at any point, as far as I recall,

22    and I don't believe there's counsel here.  I don't see

23    anyone here and I gather, Mr. Erlikh, you or Mr. Doubinine

24    were unable to retain counsel for IRP; is that correct?

25          MR. ERLIKH:  Yes.

1    THE COURT:  All right.  Well, in the absence of

2  counsel, a default must be entered by IRP.  I'm going to

3  direct the clerk of the Court to enter a default, which will

4  then subject IRP International, Inc. to a default judgment.

5  That brings me to the next motion, which the motion -- the

6  defendants' motion to dismiss.  I'm talking now about the

7  individual defendants, Mr. Erlikh and Mr. Doubinine, their

8  motion to dismiss or to compel arbitration.

9    The motion to dismiss is premised in part on an

10  assertion that the contract that is the subject of at least

11  one of the claims in the complaint was not in fact signed by

12  Mr. Doubinine, that his signature on the contract is forged.

13  That creates a factual dispute.  That's an issue of fact and

14  cannot be decided at this stage of the proceedings.  That

15  can only be decided after discovery, either at a trial or on

16  a motion for summary judgment.  But as an initial motion to

17  dismiss the complaint, based on the pleadings, which is

18  essentially what this motion is, the Court is unable to

19  grant a motion to dismiss the complaint.

20    In any event, that will only affect the claims

21  based on the contract between Kinojuz and IRP International,

22  Inc., and there are a number of other claims in the

23  complaint that are not based on the contract.  There are

24  other forms of obtaining relief to achieve the remedy that

25  the plaintiff is seeking, but they are not based on the

1  contract.

2      The other basis for the motion was to compel

3  arbitration, in the event that the contract did exist.  That

4  is, assuming that the Court were to determine that the

5  contract upon which the plaintiffs are suing was a valid

6  contract between IRP and Kinojuz, the disputes arising from

7  that contractual relationship would have to be arbitrated,

8  because there is a clause in that contract that says that

9  disputes arising out of the contract or related to the

10 contract would be arbitrated.

11     The problem with that argument is that the

12 contract is between IRP and Kinojuz.  There is no agreement

13 between the plaintiff and the individual defendants to

14 arbitrate anything.  At least there's nothing in the record

15 to indicate that there is.  So there's no basis for

16 compelling arbitration with respect to the disputes between

17 the plaintiff and the individual defendants.

18     To put a finer point on this, the defendants

19 themselves are not signers of the contract, as far as I read

20 the record.  The defendants themselves therefore cannot be

21 sued under the contract.  There may be other bases for suing

22 the individual defendants, Mr. Erlikh and Mr. Doubinine, but

23 the contract furnishes no basis for it because they didn't

24 sign the contract.  They may have signed the contract but to

25 the extent that Mr. Doubinine is alleged to have signed the

1  contract, he signed the contract on behalf of IRP and not

2  individually.

3       So the agreement is not, based on the record

4  before the Court, between Kinojuz and Mr. Doubinine, it is

5  between -- notwithstanding that he signed the contract, it

6  is between Kinojuz and IRP. So there is -- the individual

7  defendants who are here can't be sued under that contract

8  but by the same token, they cannot rely on any of the

9  provisions in that contract as a basis to compel arbitration

10  between the parties. So there's no basis to grant the

11  motion to dismiss.

12       So it's my recommendation to Judge Irizarry, to

13  whom I think this case is assigned, that the motion to

14  dismiss be denied for the reasons stated on the record.

15  We'll prepare a transcript of these rulings, by the way, and

16  the parties will get a copy of the transcript. You will

17  have the right to file objections with Judge Irizarry within

18  fourteen days after you receive a copy of the transcript, if

19  you wish to object to the rulings that are made by the Court

20  today.

21       Let me try to explain this to Mr. Erlikh and Mr.

22  Doubinine. There are two judges assigned to this case,

23  Judge Irizarry and myself. Judge Irizarry has overall

24  authority in the case. I have authority to decide matters

25  that don't dispose of the case. I don't have authority as a

final matter to decide motions to dismiss, but I have the
authority to make a recommendation to her about such
motions, and that is what I am doing now.  I'm making a
recommendation to her that the motion to dismiss made by the
defendants be denied for the reasons that I've stated.

But that's not a final decision on the motion;
Judge Irizarry still has to make a final decision based on
my recommendation.  And to the extent that the parties
disagree with what I recommend, they are free to make
objections to my recommendation.  They need to do so in
writing, within fourteen days after I -- after you receive a
copy of the transcript of today's proceeding, in which these
recommendations are made.

If you don't make a written objection to the
recommendations -- a written objection does have to state
with specificity what you are objecting to and why.  But if
you do not make written objections -- and this goes for all
parties.  If written objections are not filed within
fourteen days after receiving the transcript, then you can
be found to have given up any right to appeal any of the
recommendations and any final order entered by Judge
Irizarry based on my recommendations.  That's the effect of
the decision I'm just making with respect to the motions to
dismiss.  I'm denying the motion -- it's my recommendation
that the motion to dismiss be denied and it's up to Judge

1    Irizarry to make a final order with respect to that.

2          It is also my recommendation that IRP

3    International be found in default because they are not

4    represented by counsel and in the absence of counsel, they

5    are in default.

6          Now, there are -- the plaintiff made a motion to

7    amend.  As I read the motion, it was a motion that would

8    essentially drop the contract claim and therefore avoid the

9    need to go to arbitration.  If this case -- if IRP still was

10    in the case and hadn't defaulted, then there would be -- the

11    motion to amend would probably have to be denied, at least

12    to the extent that it tried to eliminate the contract claim.

13    But I don't have to reach that issue in light of the fact

14    that IRP International is no longer in a position to contest

15    the case.  Therefore, I don't know that there's any reason

16    to grant the motion to amend or for a motion to amend to

17    proceed.

18          I'll ask the plaintiff if I'm misunderstanding

19    what you intended to do.  You wanted to add some factual

20    allegations, as I understand it, but you don't need to add

21    factual allegations in order to be able to prove facts if

22    there's a trial.  The only other -- the way I understood it,

23    the only other change was that you would drop the contract

24    claim.  Am I missing something?

25          MR. LAMBERT:  Your Honor, you seized the essence

1  of the proposed amendment.  Let me just add this:  That

2  before we moved to amend, we received the banking documents

3  from J.P. Morgan Bank.  Before that, we didn't have that

4  information.  That evidence was highly relevant to this case

5  because it showed that defendants didn't have any intention

6  to comply with the alleged contract, that immediately upon

7  receipt of the funds, they started to dispense with the

8  funds.

9          THE COURT:  Let me interrupt you.

10          MR. LAMBERT:  Yes.

11          THE COURT:  You don't have to put in your pleading

12  all the evidence that you have in support of your case.  You

13  are -- the only -- the pleading simply has to state the

14  claims that you're making and a sufficient factual basis for

15  making the claims.  And if you have a sufficient factual

16  basis in the unamended complaint, in the initial complaint,

17  then you don't have to make an amended complaint, you don't

18  have to file an amended complaint to add additional evidence

19  because if that was required, we would be constantly

20  amending complaints as discovery proceeded.

21          If the only purpose was to add the additional

22  evidence that you already obtained, I don't know why there's

23  a need to make an amended complaint.  I mean, if that's the

24  only purpose of amending the complaint --

25          MR. LAMBERT:  Understood, your Honor.

1          THE COURT:  -- and to drop the contract claim --

2          MR. LAMBERT:  Understood, your Honor.  Obviously,

3  whatever you -- your direction will be -- the most efficient

4  way to get us to trial would be the best for the plaintiffs

5  and hopefully, defendants also understand that.  The case is

6  simple enough.  Defendants received $200,000.  They

7  apparently spent it within one month plus a couple of weeks.

8  If your Honor considers that it would be unnecessary to

9  amend, then definitely, the plaintiffs -- if that brings us

10  closer to the trial, the plaintiffs would be grateful if

11  that lifts one of the obstacles on the way to the trial.

12          THE COURT:  Well, that's -- it's your choice to

13  make, whether you want to proceed with the motion to amend

14  or not.  If you do, understand that the amended complaint

15  will only be valid against the individual defendants here,

16  because IRP is as if they're not here.  I don't know what --

17  in any event, why you -- well, it's up to you how you want

18  to proceed.  You have to make the choice.  I can't make it

19  for you.

20          But if you withdraw the motion to amend, you will

21  obviously then proceed on the basis of the complaint that's

22  now in the case, complete discovery, and then move to

23  whatever the next phase of the case is.  The choice is up to

24  you as to whether to move to amend or not.  Whether to

25  withdraw your motion to amend, that's up to you.

1          MR. LAMBERT:  Whatever your guidance would be.

2          THE COURT:  I can't give you guidance.  That's the

3    point I'm trying to make.

4          MR. LAMBERT:  Okay.

5          THE COURT:  I'm not giving anyone guidance.  I'm

6    telling you what the options are.  You have to make the

7    decision.  I tried to advise you of where -- what I'm trying

8    to do is, I am trying to avoid unnecessary work for

9    everybody.  And if the motion to amend was made simply for

10   the purpose of adding allegations of additional evidence and

11   simply for the purpose of dropping the claim, neither of

12   those, it seems to me, need to be done.

13         You don't need -- you don't have to put all your

14   evidence in your complaint and dropping a breach of contract

15   claim -- well, if you want to drop it, you can, because you

16   have no claim against these two individuals for breach of

17   contract.  You do have a claim against IRP for breach of

18   contract, on which you may still wish to get a default

19   judgment.  That's up to you.  But right now, I need to know

20   whether you want to proceed with your motion to amend or

21   not, or if you want to take a few days to think about it and

22   let me know in three or four days, we can do that, too, and

23   consider how you want to proceed.

24         Right now, we don't have -- if you file a motion

25   to amend and if the motion to amend is granted -- it may be,

1  I'm not saying it won't.  If it is, then they're going to

2  have additional time to answer and we're going to have to

3  wait to get the case moving, although we do have a motion to

4  compel some discovery so far.  But until the motion to amend

5  is decided, I'm not going to -- I'll decide the motion to

6  compel that's now before me but I'm not going to -- we'll

7  have to wait until we have all the claims before we proceed

8  with other discovery.

9        MR. LAMBERT:  I had a word with co-counsel and we

10 submit to your Honor that we are withdrawing the motion to

11 amend without prejudice.

12       THE COURT:  You're ready to proceed on the initial

13 complaint.

14       MR. LAMBERT:  Yes.

15       THE COURT:  Okay.

16       MR. LAMBERT:  Without prejudice.

17       THE COURT:  Well, there's nothing that's done --

18 there's no ruling on the motion.  So if you withdraw the

19 motion, it's not -- there's no prejudice to making the

20 motion to amend in the future, if you wish.

21       Let me finally turn to the motion to compel.

22 First, with respect to Mr. Doubinine, Mr. Doubinine did

23 answer the request, as I understand it.  He made the

24 assertion that it was beyond his power to do certain things

25 or the documents were not within his possession, not within

1   his control.  At this point, I have no basis to find

2   otherwise.  I don't have anything -- I don't have any

3   evidence that he actually has them in his control, so I

4   can't compel Mr. Doubinine to produce documents that he says

5   he doesn't have.

6        To the extent that -- you can certainly pursue

7   with Mr. Doubinine, in depositions if you wish to do that,

8   what if any documents he ever had, where they might be and

9   that sort of thing.  At this point, I have no basis to deny

10   or to compel Mr. Doubinine to produce documents that he says

11   he doesn't have.  I don't have any proof that he does have

12   them.

13        Now, I think that there was an argument that he

14   had control over a bank account, but it was my understanding

15   you already have the documents from the bank account, so

16   that an order that he provide you -- I don't know if there's

17   anything -- I mean, you've already gotten the documents, I

18   guess is what I'm saying, so that I don't know if there's

19   any point in compelling anything further to be done.

20        MR. LAMBERT:  The documents produced by the bank

21   show that there were a couple of other accounts where the

22   money was actually transferred.  We don't know what happened

23   to that money, to those portions of the money which went to

24   sister accounts under the control of Mr. Erlikh.

25        THE COURT:  Do you know if they are -- you know

they are Mr. Erlikh's accounts?

MR. LAMBERT:  It shows on the subpoenaed documents that they are.  Those are related accounts.  That's the bank's designation of related account.

THE COURT:  Okay.  I don't know exactly what that means but -- these are Mr. Erlikh's accounts as opposed to Mr. Doubinine's accounts, in any event.

MR. LAMBERT:  My take is, that's Mr. Erlikh's personal account where he put that money.

THE COURT:  Okay.  So let me turn to -- just as a final ruling, I'm denying the motion to compel with respect to Mr. Doubinine, as I don't have a basis, as a factual matter, to compel him to produce anything that is shown to be in his custody or control, other than perhaps the bank statements, but you already have that.  So I don't know if there's any point in my -- there's nothing that -- what I'm saying is, I suppose I could have him sign a release that says that the bank could turn it over to you, but it's already turned it over to you.

MR. LAMBERT:  Just two questions to Mr. Erlikh.

THE COURT:  Not Mr. Erlikh.  I'm going to deal with Mr. Erlikh in a moment.

MR. LAMBERT:  Yes.  I apologize.

THE COURT:  Right now, talk to me and I'll --

MR. LAMBERT:  Yes.

1          THE COURT:  -- put the questions to Mr. Doubinine.

2          MR. LAMBERT:  Yes.  The issues regarding his

3  receiving the money.  There was one check --

4          THE COURT:  Mr. Doubinine receiving the money?

5          MR. LAMBERT:  Mr. Doubinine received a check for

6  $15,000.  We want to know where that money went.

7          THE COURT:  Well, you can certainly have a

8  deposition of him.  You can serve interrogatories on him, to

9  ask him those questions.  That's for later discovery.

10  You're certainly free to pursue anything that you've learned

11  already.

12          MR. LAMBERT:  Okay.

13          THE COURT:  Okay.  Let me turn to Mr. Erlikh.  Mr.

14  Erlikh did not provide responses, on the grounds that he was

15  waiting on an attorney.  There's not going to be an

16  attorney, so it's time to provide responses to the document

17  requests that were served on you.

18          MR. ERLIKH:  What kind of documents, your Honor?

19          THE COURT:  I'm sorry?

20          MR. ERLIKH:  What kind of documents you're talking

21  about?

22          THE COURT:  He gave you -- he served a list of

23  document requests.  I had copies of them and there are

24  copies in the papers that were filed in court.

25          MR. ERLIKH:  I think we give them answers.  I

think you have -- I mean, all answers which were --

        THE COURT:  I don't recall seeing any answers.

        Did you get answers to --

        MR. ERLIKH:  I mean, including the bank records, whatever he already received.

        THE COURT:  No.  You have to give a written response to the document requests.  You have to say in writing, item by item, whether you possess documents, and if so, whether you're going to produce them.  I did not -- as a matter of fact, I saw your response.  Your response to the document requests -- actually, it's a response to the motion.  I think you may not have given any written responses to the document requests at all.

        MR. ERLIKH:  Definitely, we have responded to the motion.

        THE COURT:  Your response to the motion does have an Exhibit A, and there are some documents which are -- I don't really understand what they are because they're mostly in foreign languages.

        MR. ERLIKH:  All of them translate, your Honor.

        THE COURT:  In any event, your response to the motion for the production of discovery was essentially an argument that -- you opposed the motion and then you said that until you had appointment of counsel, it would not serve the interests of justice to require you to gather and

1   submit discovery material or to proceed in the civil action

2   in any other capacity, I guess.  So you have to now respond

3   in writing and produce the documents requested, unless you

4   think there's a basis to object to producing the documents

5   in question that they've asked for.

6           Did you serve only document requests?  You didn't

7   serve interrogatories, right?  It's just document requests.

8           MR. LAMBERT:  Just document requests.

9           THE COURT:  So you have to basically, as Mr.

10  Doubinine did -- I don't know if you saw Mr. Doubinine's

11  response but he went one by one and he said, I don't have

12  these documents, they're not in my control, or he said, I

13  have some documents and here they are.  That's what you have

14  to do and you have to do that within thirty days, in

15  writing, send it over to the defendants, okay?  I mean to

16  the plaintiff.  Do you understand what I'm saying?

17          MR. ERLIKH:  Yes, your Honor, I really -- I truly

18  understand what you say.  I don't remember exactly what kind

19  of answer on the documents, but definitely something was

20  answered because briefly, which I'm reading now, here, some

21  questions which is not applicable to me.

22          THE COURT:  If you can show me, Mr. Erlikh -- if

23  you can show me that you have given a written response to

24  them, then I'll take a look at the response.  But if you

25  haven't, and I haven't seen it --

1          MR. ERLIKH:  No, your Honor, okay, you're right,

2     maybe not.  But everything which we send to them, we submit

3     to the Court.

4          THE COURT:  I don't want to get it.

5          MR. ERLIKH:  Okay.

6          THE COURT:  I don't want to get it, they need to

7     get it.  As a matter of fact, it's important that everybody

8     understand that you're not to file the discovery materials

9     with the Court.  Don't file -- to the extent that you have

10    documents in your possession that are called for by their

11    requests, don't give those to the Court, give them only to

12    the other side.

13          MR. ERLIKH:  Okay.

14          THE COURT:  They are not to be filed, because we

15    have too much paper as it is.  It's only if -- if it turns

16    out that there's a dispute about something, maybe I'll look

17    at some of the documents, and I'll make a decision about

18    whether any of them have to be filed, but don't file papers

19    with the Court.

20          And your written responses to his document

21    requests, don't file those with the Court, either.  Just

22    send your written responses to Mr. Joseph or Mr. Lambert,

23    either one of them, by thirty days from today.

24          MR. ERLIKH:  I'm sorry, I can take this?

25          MR. LAMBERT:  Yes, that's a duplicate.

1        MR. ERLIKH:  Thank you.

2        THE COURT:  Okay.  Now --

3        MR. ERLIKH:  When you give me a chance, your

4   Honor, I would like to say something.

5        THE COURT:  Okay.

6        MR. ERLIKH:  After you finish whatever is --

7        THE COURT:  Okay, I'll give you a chance in just a

8   moment.

9        MR. ERLIKH:  Thank you.

10       THE COURT:  Let me find out -- I think that

11  disposes of all the motions that are pending before me.  Oh,

12  there was a motion for leave to file a transcript by the

13  plaintiff.  You don't need to file it.  You don't need to

14  make such a motion.  I think the transcript, as a matter of

15  fact, has already been docketed.  You don't need to make

16  such a motion.

17       If you have a -- if you've asked for a transcript,

18  then typically, it's going to be filed automatically,

19  although for a period of time, it's not available to people

20  who haven't paid for it.  That's typically the way it

21  operates.  But if you've ordered a transcript, it typically

22  is filed under seal, available only to those who have paid

23  for it, okay?  So the motion is going to be terminated

24  because it's no longer necessary.

25       Do you -- I'm talking to the plaintiffs now.  Do

1  you intend to take depositions or to file any other -- or to

2  submit any other discovery requests to the defendants?

3      MR. LAMBERT:  Yes, your Honor, that would be very

4  beneficial to us.  We have questions about what the

5  defendants did with the money.

6      THE COURT:  So which do you intend to do,

7  depositions?

8      MR. LAMBERT:  Depositions.

9      THE COURT:  Okay, I will explain to the defendants

10  what that is.

11      The plaintiff is entitled to conduct interviews --

12  it's like testimony in court, essentially, except there's no

13  judge present.  But there is a court reporter present, who

14  records both the questions that are asked and the answers

15  that are given by the witness, and it's called a deposition.

16  They have the right to conduct a deposition of each of you.

17  You can attend each other's deposition.  Depositions

18  ordinarily will take place in -- you can attend but you're

19  not entitled to interfere or interrupt, but you're entitled

20  to appear.

21      In fact, you're entitled, once the plaintiffs have

22  finished -- the plaintiff has finished asking questions of a

23  witness, you're entitled to ask questions of the same

24  witness.  You don't have to but you can.

25      MR. ERLIKH:  I mean, the same witness of the

1   plaintiff's side.

2          THE COURT:  I call it a witness.  For instance,

3   the plaintiff may -- and they say they will want to take a

4   deposition of each of you.  So each of you will be a witness

5   at your deposition.  At the deposition of Mr. Erlikh --

6   let's hypothetically assume that you're at the deposition of

7   Mr. Erlikh.  Mr. Doubinine can attend that deposition and

8   once the plaintiff has completed its questioning of Mr.

9   Erlikh, Mr. Doubinine could ask questions, too.  He doesn't

10  have to and in fact, defendants often do not ask question of

11  each other, but he has that right if he wants to, and vice

12  versa.  That is, at Mr. Doubinine's deposition, if you want

13  to ask questions of him, you may do so as well.

14          The deposition has to be -- the witness is

15  testifying under oath, just as if he was in court, and so is

16  subject to the penalty of perjury if he lies.  They will

17  seek to conduct such a deposition.  They have the right to

18  do that.  They can pick the location, as long as it's not

19  terribly inconvenient to you.  They can pick the location.

20  It can be in Mr. Lambert's office or -- not Mr. Lambert's,

21  Mr. Joseph's office.  They can't require you to go to

22  Washington, which is I think where Mr. Lambert has his

23  office.  You don't have to go there.  But if it's somewhere

24  in the New York City area and it's reasonably convenient,

25  you have to go to where they ask you to go and appear at the

1 time that they ask you to appear.

2    Often in these situations, there's an agreement;

3 can you make it, what's convenient?  So you should discuss

4 that, so you can do it in a fashion that's not -- that

5 doesn't make it more difficult than it has to be, okay?

6    MR. ERLIKH:  Your Honor, can we have the

7 deposition, also?

8    THE COURT:  You can take the deposition of the

9 plaintiff as well.

10    MR. ERLIKH:  Yes.

11    THE COURT:  But you have to --

12    MR. ERLIKH:  I would like to arrange that at the

13 same time, if it's possible.

14    THE COURT:  That's not always possible but --

15    MR. ERLIKH:  Or be close to the moment of

16 deposition that we can have deposition with Mr. Joseph.

17    THE COURT:  You can but --

18    MR. ERLIKH:  So at least to be in one week, two

19 week together.  Not together, I mean we finish our

20 deposition, we would like to start deposition of him.

21    THE COURT:  All right.

22    MR. ERLIKH:  In United States, of course.

23    THE COURT:  You are entitled to have a deposition

24 of the plaintiff.  It's a little trickier when the plaintiff

25 is a corporation but you can -- I'm going to ask you to talk

1　to the pro se clerks downstairs, the pro se clerks --

2　　　　　MR. ERLIKH:  Okay.

3　　　　　THE COURT:  -- about how you can go about

4　arranging that deposition, because for a corporation like

5　Kinojuz -- I think Kinojuz is a corporation, is that right?

6　It's not an individual, it's a person -- I mean, it's a

7　company, it's an entity.

8　　　　　MR. LAMBERT:  It would be a rough equivalent of

9　LLC here.

10　　　　　THE COURT:  Okay.  So you have to identify in

11　writing what subjects you want the company to provide a

12　witness from the company to testify about.  You have to

13　identify the subjects.

14　　　　　MR. ERLIKH:  Understanding it's company, it's one

15　man.

16　　　　　THE COURT:  Well, if it's the owner of the

17　company --

18　　　　　MR. ERLIKH:  It's him and his company.

19　　　　　THE COURT:  Let me finish, please.  If it's the

20　owner or the chief executive officer, you can require him to

21　appear on behalf of the corporation.  You can require a high

22　officer, the owner -- you can require them to appear and

23　testify on behalf of the corporation.

24　　　　　MR. ERLIKH:  Excuse me, your Honor.  How I have to

25　submit that, letter motion or what?

1          THE COURT:  That's why I'm telling you -- it's not

2     a motion to me.

3          MR. ERLIKH:  Okay.

4          THE COURT:  You have to -- let me ask the

5     plaintiff, do you have a person in mind?  Do you have

6     somebody in mind that you want to depose?

7          MR. ERLIKH:  No, just Mr. Zhurabek, of course.

8          THE COURT:  I don't know who that is.

9          MR. ERLIKH:  President or chairman, whatever it

10    is, of Kinojuz, owner or how --

11         THE COURT:  You don't know what his name is.

12         MR. ERLIKH:  Mr. Zhurabek Musabayev.  I know him

13    personally.

14         THE COURT:  Musabayev, Mr. Musabayev.

15         MR. ERLIKH:  Yeah, Musabayev, yes, of course.

16         THE COURT:  Okay.  So Mr. Musabayev.  Does he

17    reside in the United States?

18         MR. LAMBERT:  He is in Kazakhstan but the last

19    time we discussed, he would be coming to the United States,

20    to New York, to be deposed.

21         THE COURT:  Okay.  So sometime when he's traveling

22    in the United States -- is that sometime in the next several

23    months?

24         MR. LAMBERT:  Yes, your Honor.

25         THE COURT:  Okay, good.   So the next time he's in

1  the United States, you should conduct the depositions of

2  everybody.

3          MR. ERLIKH:  Yes, that's what I would like.

4          THE COURT:  They don't all have to be on the same

5  date.  You do have to pay for a court reporter to appear.

6          MR. ERLIKH:  Well, if we have to pay, we will pay.

7          THE COURT:  Okay, so you -- and the pro se clerks

8  can help you in that process, you know, finding a court

9  reporting service.  And if you don't have a place to conduct

10 the deposition, you can conduct it here in the courthouse.

11 Again, let the pro se clerks know.  Talk to them.

12         MR. ERLIKH:  Yes, I will.

13         THE COURT:  You've talked to them before, have you

14 not?

15         MR. ERLIKH:  Well, when I submitted the motions,

16 but I never asked that question.  I will address this right

17 now, as soon as we finish.

18         THE COURT:  The pro se clerks are there to assist

19 you in dealing with procedural matters, so you should feel

20 free to ask them about how to arrange for the deposition.

21 You should be in touch with Mr. Joseph or Mr. Lambert and

22 coordinate the dates and talk to the pro se office about how

23 to arrange for a court reporter to appear where you need

24 that person to appear on the dates in question, and they can

25 help you.

1          MR. ERLIKH:  Very good, your Honor.  After we

2     finish, we will exchange the telephone -- I think we have

3     telephone for Mr. Joseph.  And we will organize this

4     wherever it's convenient for both of us.

5          THE COURT:  There was something else that you

6     wanted to say.

7          MR. ERLIKH:  Yes, your Honor. I would like address

8     from the beginning but you already --

9          THE COURT:  I'm sorry?

10         MR. ERLIKH:  I said, I would like to addressing

11    (sic) from the beginning but when you already denied our

12    motion to compel to arbitration or to dismiss, then I don't

13    know what you say.  But I still would like to address it,

14    your Honor, because we was charged -- I have complaint for

15    breach of contract.  On your table, you have two contracts.

16    One is a forged contract, second is original contract.

17         THE COURT:  I'm not sure I'm following what you

18    say.  Second is an original?

19         MR. ERLIKH:  It's two contracts.  One is original,

20    which was signed by Mr. Doubinine, and one contract in which

21    we have a complaint, all right, which was complaint against

22    us, which we say this signature is forged.

23         THE COURT:  Okay, let me just stop for a moment.

24    Stop for a moment.  You're saying there was another document

25    that is a contract.

                MR. ERLIKH:  Of course.  We submit, your Honor.

                THE COURT:  Okay.  There was some suggestion of
that in your argument on the motion.  But that contract was
signed -- was between IRP and Kinojuz, right?

                MR. ERLIKH:  Right.

                THE COURT:  Okay.

                MR. ERLIKH:  By Mr. Doubinine and Mr. Musabayev,
on behalf.

                THE COURT:  I understand.  But, again, IRP is in
default because IRP doesn't have an attorney.

                MR. ERLIKH:  Okay.

                THE COURT:  So you cannot assert IRP's rights.
That contract is basically irrelevant to the remaining part
of this dispute, because the contract was between IRP and
Kinojuz.  That's why I tried to explain at the outset and
it's in the transcript, and you'll get a chance -- you'll
read the transcript once it's prepared.  But the bottom line
is this:  They cannot sue you for the obligations in the
contract.  In other words, the contract -- they don't have a
right to have you --

                MR. ERLIKH:  I understand, your Honor.

                THE COURT:  This is a little complicated because
it's not -- one of their claims is that ultimately, you and
Mr. Doubinine may be liable for the obligations of IRP, but
it's not because of the contract -- because of a contract

1 between you and Kinojuz.  That's sort of a separate and

2 complicated issue.

3        The only -- the only one who can assert rights

4 under the contract is IRP.  You cannot, because you are not

5 IRP.  IRP is somebody separate, and you cannot assert IRP's

6 rights.  Mr. Doubinine cannot assert IRP's rights.  So the

7 contract that you may have, that you say you have is a

8 contract between IRP and Kinojuz, not between you and

9 Kinojuz.  Do you follow me so far?

10        MR. ERLIKH:  I follow you 100%, your Honor.

11        THE COURT:  Okay, now --

12        MR. ERLIKH:  But --

13        THE COURT:  -- because that's the case, nothing

14 about what's in that contract will be part of the rest of

15 this case.  In other words, the terms and provisions of that

16 contract don't affect -- I guess I'm overstating this

17 because --

18        MR. ERLIKH:  Your Honor, I really understand

19 clearly what you say, but there was a complaint.  That's why

20 we sitting in this courtroom.

21        THE COURT:  No, that's not the only reason.  It's

22 not the only reason.

23        MR. ERLIKH:  Mr. Lambert said it's very simple.

24 The money was sent but first of all, it was complaint from

25 that side -- I mean it's not from -- I mean Mr. Lambert.

1  I'm talking about from the plaintiff's side.

2          THE COURT:  I understand.

3          MR. ERLIKH:  Money was sent against the contract

4  to produce the movie.

5          THE COURT:  Okay.

6          MR. ERLIKH:  They said is breach of contract.  We

7  have enough proof we didn't breach the contract.

8          THE COURT:  Right now, the way things stand right

9  now, the claims in this complaint are not under the

10  contract.  They're for other things.

11          MR. ERLIKH:  Okay.

12          THE COURT:  They're related -- they're related to

13  the fact that money was sent to you or they claim money was

14  sent to you, and they claim the money was sent to you

15  because of the contract, but the contract and the terms of

16  the contract are not the basis on which they are seeking to

17  obtain the money back from you.  They're saying there are

18  other claims that can be made.

19          MR. ERLIKH:  So what kind of claim is this they

20  make?

21          THE COURT:  They're in the complaint.

22          MR. ERLIKH:  Okay.

23          THE COURT:  There are claims for conversion, for

24  money had and received, for fraud, for misrepresentations.

25          MR. ERLIKH:  Wonderful.

1          THE COURT:  Breach of fiduciary duties.  I don't

2    know if any of them will be successful but those are all

3    claims that are separate from the contract.

4          MR. ERLIKH:  Well, you're right, your Honor, I'm

5    not a lawyer.

6          THE COURT:  You need a lawyer because I can't

7    spend my whole day trying to educate you.

8          MR. ERLIKH:  No, no, you don't have to spend your

9    time.  But one year exactly -- I mean now.  We tried defend

10   and tried bring the proof, which the plaintiff's side --

11   it's made certain time of forgery.  Now, we are talking

12   completely different because the IRP are in default, then we

13   cannot go with the contract, which is base of the money

14   which arrive, and it's black and white.  They showed the

15   proof of our full innocence.  Now, now --

16         THE COURT:  All of this right now --

17         MR. ERLIKH:  I mean from now, we have to defend

18   something else.

19         THE COURT:  Okay, you're right, you have to defend

20   something a little bit different than what it was.

21         MR. ERLIKH:  Okay, we will.  We also still have

22   enough proof, your Honor, for something different.

23         THE COURT:  Okay.

24         MR. ERLIKH:  I would like your permission because,

25   you know, now, everything which was done before -- so we

1  have to put in the garbage.  Even affidavit from Mr.

2  Musabayev lying over here -- I mean, I just mark it here.

3  So now, all this evidence --

4          THE COURT:  I don't know.

5          MR. ERLIKH:  -- means nothing anymore.

6          THE COURT:  No, I'm not saying that.  I don't know

7  that.  I don't know what evidence will be relevant at a

8  trial or not.  I'm not making that decision now.

9          MR. ERLIKH:  I'm glad to go to the trial, believe

10 me.

11         THE COURT:  Okay.

12         MR. ERLIKH:  We are ready.

13         THE COURT:  Okay, well --

14         MR. ERLIKH:  We are ready.

15         THE COURT:  Mr. Erlikh, please.  Before you get to

16 a trial, we're going to have these depositions.

17         MR. ERLIKH:  Okay.

18         THE COURT:  I'm going to ask you to complete these

19 depositions --

20         MR. ERLIKH:  Wonderful.

21         THE COURT:  -- by -- is there any reason they

22 can't be done by the end of March?

23         MR. LAMBERT:  No reason that I know of.

24         THE COURT:  When is Mr. Musabayev coming?  Is it

25 going to be in February?

1          MR. LAMBERT:  I'll pass to him report tonight and

2     I'll get to know when he's available.

3          THE COURT:  Because Mr. Erlikh has -- I gave him

4     thirty days to respond to the document requests.  I think I

5     need to shorten that time.  If you want to hurry up and get

6     this resolved, let me give you 21 days to respond to those

7     requests, okay?

8          MR. ERLIKH:  I don't know which to respond but I

9     will try do my best.

10          THE COURT:  You have to respond in writing,

11     saying --

12          MR. ERLIKH:  Your Honor --

13          THE COURT:  Let me finish.

14          MR. ERLIKH:  Okay.

15          THE COURT:  Mr. Erlikh, I'm trying to explain this

16     to you, so listen to me.  You have to respond in writing,

17     one by one.  There's document request number one.

18          I think they're numbered, are they not, Mr.

19     Lambert?  Are they numbered?

20          MR. LAMBERT:  They are numbered, yes.

21          THE COURT:  So document request number one, you

22     put a heading, document request number one and underneath

23     that, you say, I will produce all the documents that you've

24     asked for, or you can say, I have no documents of these type

25     that you've asked for, or you can say, I have these

documents but I don't think you're entitled to them and I'm

not going to give them to you.  So you have three options:

I'll give you all of them -- you have four options:  You can

say, I'll give you all of them, I'll give you some of them

but I'm not going to give you all of them, I don't have any

of them, or I object to giving you any of them.  Do you

follow me?

MR. ERLIKH:  I follow your Honor.

THE COURT:  Okay, so that's the four options, and

you need to do that one at a time for each of the document

requests.

MR. ERLIKH:  But here, it's --

THE COURT:  You do that in writing and you send

that document back to Mr. Lambert or Mr. Joseph.  And to the

extent that you are giving him documents, you can either

make copies and give them to him or you can say, I'll bring

them to your office and you can make copies of them at your

office.  You have to make them available to copy or you can

copy them and give them copies, and then you don't have to

go to his office and let him copy them.  Do you understand?

MR. ERLIKH:  Yes, sir.

THE COURT:  Okay.

MR. ERLIKH:  Yeah, but here --

THE COURT:  You need to do that within 21 days.

MR. ERLIKH:  Okay, your Honor.  But here, most of

the documents they require, it's from the contract. So if now, contract not exist --

THE COURT: Forget the contract now. Forget the contract. Just answer the document requests. You think it's from the contract. It may have some relationship to the contract. I daresay everything has some relationship to that contract. It doesn't matter what it does or doesn't. If you think that you -- just answer the document requests. Don't try to figure out what it relates to at this point, okay?

You're entitled -- right now, let me frame it to you this way, Mr. Erlikh: The way this case is developing, it's a broad -- it's kind of a broad inquiry into whether or not the plaintiff gave you and/or Mr. Doubinine money.

MR. ERLIKH: Fine.

THE COURT: And whether or not you misused or in some way committed fraud with respect to that money.

MR. ERLIKH: No, your Honor. We will have proof for that.

THE COURT: You're denying it. I'm just saying --

MR. ERLIKH: I'm not denying, I'm just proving it, okay?

THE COURT: Mr. Erlikh, let me finish.

MR. ERLIKH: I'm sorry.

THE COURT: I'm trying to explain to you so you --

that's what this case is about.  It's about money that they

say they gave to you and about how they claim you mishandled

the money.  Now, you can dispute that and you obviously do,

but that's what this case is about, okay?  It's as simple as

that, but it's the whole relationship.  Whether it was

because of a contract or because there were other things

that happened, you know, at this point, you should just sort

of not worry about the contract, whether it's involved or

not involved.  You're not a party to the contract.

IRP is a party to the contract, so they cannot

claim that you had any obligations.  They can't point to the

contract and say, Mr. Erlikh, you were supposed to do this.

They can only say IRP was supposed to do this.

MR. ERLIKH:  That's true, your Honor.

THE COURT:  Do you follow what I'm saying?

MR. ERLIKH:  I mean, I'm agree with you.

THE COURT:  Okay.

MR. ERLIKH:  But this is wrong from that side.

THE COURT:  But they can also claim, and they will

be claiming apparently, that because you controlled IRP --

I'm not saying you did.

MR. ERLIKH:  Okay.

THE COURT:  -- you arranged it so that IRP gave

you the money, and you weren't entitled to that money

personally, right?

1          MR. ERLIKH:  Okay.

2          THE COURT:  And that's separate from the contract,

3     you know, because then it's the relationship between you and

4     IRP.  I'm going to have a hard time explaining it.

5          MR. ERLIKH:  Your Honor, I really understood.

6          THE COURT:  Okay.

7          MR. ERLIKH:  I agree with you but --

8          THE COURT:  What I'm saying --

9          MR. ERLIKH:  -- this is part of our defense.

10         THE COURT:  Okay, that's fine.

11         MR. ERLIKH:  And this is the truth.

12         THE COURT:  You'll get a chance to put on your

13    defense, once there's a trial.

14         MR. ERLIKH:  Okay.

15         THE COURT:  You'll have a chance to do that.

16    Right now, you need --

17         MR. ERLIKH:  We put contract for our defense.

18         THE COURT:  They're going to try to arrange with

19    you some defendants.  Mr. Lambert is going to find out when

20    Mr. Musabayev is coming to the country.  You'll arrange --

21         MR. ERLIKH:  We'll do it together.

22         THE COURT:  -- to take those depositions at around

23    the same time, so that -- because I think that is a

24    productive way to do it, and who knows?  If you're all

25    together in the same place at the same time, you might find

1  some way to resolve this short of having to have a trial.

2  And I urge you to think about that as well.  Okay --

3          MR. ERLIKH:  Maybe, your Honor.

4          THE COURT:  If there's nothing else today, I'm

5  going to schedule another conference with you for early

6  April, after, I hope, the discovery is completed.  Does that

7  make sense to you?

8          MR. LAMBERT:  Yes.

9          THE COURT:  So April 4th, how's that?

10          MR. ERLIKH:  I don't know.  Because I have no

11  lawyer, it's all my life, and I would like to have a trial

12  maybe fast, because I have to make my living.  I just spend

13  every month, you know -- I mean, I really cannot do this,

14  your Honor.  Okay, then I have to be here in April.

15          THE COURT:  I'm willing, within limits, to make

16  this convenient for you but -- I mean, if you're going to be

17  gone in the first couple weeks of April, we can do it a

18  little later in April.  We don't have to do it the first

19  week of April.  Were you planning to be away?

20          MR. ERLIKH:  Your Honor, honestly, I really don't

21  know.  I can be away tomorrow.  You know, the last time I

22  was away, my father-in-law died.  So instead of be overseas

23  to work, I come back and already two months, I couldn't move

24  because funeral, all these things which was necessary.  But

25  we are wasting time because --

1          THE COURT:  I don't have any control over that, as

2    you know.

3          MR. ERLIKH:  No, of course, nobody can control

4    God, fortunately.  I just really feel my understanding

5    because when we receive complaint against us, that means it

6    have to be proved.  The plaintiff's side didn't bring one

7    single proof which money was fraud, stolen.

8          THE COURT:  This is not the time for the proof.

9    When there's a trial, then everybody puts their proof in.

10   Right now, we're just gathering the proof.  So I'm proposing

11   that we get together on April 4th at 11:00 a.m.  Is that a

12   good time or would you prefer in the afternoon?

13         MR. LAMBERT:  If possible, your Honor, afternoon

14   would be much better because of the traveling arrangements

15   for myself.

16         THE COURT:  I see.

17         How about on your side, Mr. Erlikh, Mr. Doubinine?

18   Is the afternoon okay?  3:00, 4:00?

19         MR. ERLIKH:  We will try and make favor for

20   plaintiff because for them, it's hard to come.  So we can do

21   afternoon, too.

22         THE COURT:  Let me ask you this:  Is 12:00 noon --

23   that accommodates your --

24         MR. ERLIKH:  Whatever convenient for Mr. Lambert.

25         MR. LAMBERT:  That early, I could make, probably.

1          THE COURT:  Look, I don't know, guys.  I'm not

2    trying to be difficult for anybody.  Do you prefer having it

3    in the morning?  Is that what you're saying?

4          MR. ERLIKH:  It's okay, whatever is convenient.

5    For me, it's fine.

6          THE COURT:  Then I'm going to make it 3:00 in the

7    afternoon.

8          MR. LAMBERT:  All right.

9          THE COURT:  I'll talk to you then, thank you.

10          MR. ERLIKH:  It's close -- it's easy to the end of

11    the day.

12          MR. LAMBERT:  Thank you, your Honor.

13                    * * * * * * * * *

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18     I certify that the foregoing is a correct transcript

19 from the electronic sound recording of the proceedings in

20 the above-entitled matter.

21

22

23

24

25 ELIZABETH BARRON                    February 13, 2012