UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KINOJUZ I.P., *a company under the laws of* :
*Kazakhstan*, :
: 
: 
Plaintiff, :
:
-against- : **MEMORANDUM AND ORDER**
: 11-CV-299 (DLI)(VVP)
IRP INTERNATIONAL INC., *a New York* :
*corporation*, OULIAN DOUBININE, and :
IGOR ERLIKH, :
:
Defendants. :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Kinojuz I.P. ("Plaintiff" or "Kinojuz") brought this action against IRP International Inc. ("IRP"), Oulian Doubinine ("Doubinine"), and Igor Erlikh ("Erlikh") (collectively, "Defendants"), alleging, *inter alia*, that Defendants obtained money from the Plaintiff through fraud. Plaintiff moves for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Defendants IRP and Erlikh. Defendant Erlikh, proceeding *pro se*, opposes.[1] For the reasons set forth below, Plaintiff's motion is denied in its entirety.

## BACKGROUND

Kinojuz is a movie production company organized under the laws of Kazakhstan. (Plaintiff's Statement of Material Facts Without Genuine Dispute ("Pl.'s 56.1 Stmnt") ¶ 3, Doc. Entry No. 102). Defendant Erlikh is the principal of IRP, a New York Corporation. (Pl.'s 56.1 Stmnt ¶¶ 1-2; Defendant's Response to Plaintiff's Statement ("Def.'s 56.1 Stmnt") ¶¶ 1-2, Docket Entry No. 104). In either 2006 or 2007, Mr. Erlikh traveled to Kazakhstan, where he met

---

[1] In reviewing Defendant's submissions, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets Defendant's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

with Kinojuz's principal, Zhorabek Musabayev ("Musabayev"). (Pl.'s 56.1 Stmnt ¶ 4, Def.'s 56.1 Stmnt ¶ 4.) While Kinojuz claims that Mr. Erlikh "solicited" Mr. Musabayev regarding a deal to provide funding for one of Kinojuz's movies (the "Movie"), Mr. Erlikh claims that he and Mr. Musabayev discussed "numerous business proposals." (*Id.*; Musabayev Aff. ¶¶ 4-8, Doc. Entry No. 99; Erlikh Dep. at 91-95, Doc. Entry No. 99-2.)

Kinojuz claims that, although "a series of preliminary contracts" between IRP and Kinojuz were negotiated, all contracts were eventually "disavowed" by both companies. (Pl.'s 56.1 Stmnt ¶ 5; Def.'s 56.1 Stmnt ¶ 5.) Neither party has provided clear evidence as to the nature of any agreement between IRP and Kinojuz. On December 5, 2007, Mr. Musabayev transferred $199,980 into IRP's bank account. (Pl.'s 56.1 Stmnt ¶¶ 6-7, Def.'s 56.1 Stmnt ¶¶ 6-7.) The parties disagree as to the purpose of the transaction. While Plaintiff asserts that the money was transferred to IRP as an advance for services related to production of the Movie, Defendant Erlikh contends that the money was made in payment both for "merchandise previously provided to the Plaintiff" and for expenses connected with the Movie. (Pl.'s 56.1 Stmnt ¶¶ 8-10; Def.'s 56.1 Stmnt ¶¶ 8-10.)

On January 20, 2011, Plaintiff commenced the instant action. (Compl., Doc. Entry No. 1.) Plaintiff's Amended Complaint includes twelve causes of action and seeks damages including, but not limited to, return of the money transferred to IRP. (Amd. Compl., Doc. Entry 80.) On February 13, 2012, a notation of default was entered against IRP. On May 30, 2013, Plaintiff filed the instant motion for partial summary judgment, seeking judgment in its favor against Defendants IRP and Erlikh with respect to causes of action three ("money had and received"), five ("fraud"), and eight ("unjust enrichment").

As a preliminary matter, Plaintiff's motion for summary judgment as to Defendant IRP is denied. Since a notation of default has been entered against IRP, the proper procedure for Plaintiff to pursue is to file a motion for default judgment against IRP, which Plaintiff should have filed two years ago. Accordingly, the Court considers Plaintiff's motion only as to Defendant Erlikh.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 202 (2d Cir. 2007) (internal quotations omitted).

A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F. 3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F. 3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

Plaintiff seeks summary judgment on its claims for money had and received, fraud, and unjust enrichment. (Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 Against Defendants IRP International Inc. and Igor Erlikh ("Pl.'s Mot.") at 1, Doc. Entry No. 97.) "The essential elements in a claim for money had and received under New York law[2] are

---

[2] Since this action was brought in the Eastern District of New York, New York choice of law principles govern. *Korsunsky v. N. Star Found., Inc.*, 2013 WL 5656197, at *4 (E.D.N.Y. Oct. 15, 2013) (citing *Crescent Oil &*

4

that (1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *Marini v. Adamo*, 2014 WL 465036, at *42 (E.D.N.Y. Feb. 6, 2014) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984)). Similarly, a claim for unjust enrichment requires the Plaintiff to show: "that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, 2010 WL 4038826, at *5 (E.D.N.Y. Oct. 14, 2010) (citing *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004)). Thus, both causes of action turn on a single inquiry: whether Defendant Erlikh has benefited from property that is rightfully Plaintiff's such that equity and good conscience demand restoration of the disputed property to Plaintiff. *Id.* at *4.

To succeed on its claim against Mr. Erlikh for fraud, Plaintiff must prove: "(1) a misrepresentation or a material omission of material fact which was false and known by defendant to be false, (2) made for the purpose of inducing the plaintiff to rely on it, and (3) justifiably relied upon by the plaintiff, (4) who then suffered an injury as a result of such reliance." *Fernbach, LLC v. Capital & Guarantee Inc.*, 2009 WL 2474691, at *6 (S.D.N.Y. Aug. 12, 2009) (quoting *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008)).

Summary judgment is inappropriate as to all of these causes of action, because there is a material issue of fact genuinely in dispute as to the nature of the agreement between the parties

---

*Shipping Servs., Ltd. v. Phibro Energy, Inc.*, 929 F.2d 49, 52 (2d Cir. 1991)). New York law "require[s] that a party wishing to apply the law of a foreign state show how that law differs from the forum state's law. Failure to do so results in the application of New York law." *Id.*, at *5, n.5 (quoting *Haywin Textile Products, Inc. v. Int'l Fin. Inv. & Commerce Bank Ltd.*, 152 F.Supp.2d 409, 413 (S.D.N.Y.2001)). Here, neither party addressed the question of whether New York or Kazakhstan law governs Plaintiff's claims. Accordingly, for the purpose of this motion, the Court assumes that New York law applies.

5

and as to the services rendered by Defendant Erlikh. Although Plaintiff discusses at length in its submissions issues of very limited relevance, such as Defendant Erlikh's criminal history, Plaintiff addresses only in passing the issues that are central to its claims, including the issue of whether the money transferred to IRP was compensation for services related to production of the Movie, or, as Mr. Erlikh testified, for merchandise provided to the Plaintiff in connection with a separate business deal. To the extent that Plaintiff has presented evidence that Mr. Erlikh agreed to assist in production of the Movie and accepted money for services that were not rendered, Plaintiff relies primarily on the Affidavit of Plaintiff's principal, Mr. Musabayev. (*See* Pl.'s 56.1 Stmnt at 3-4.) Mr. Erlikh, on the other hand, points to testimony and documentary evidence tending to contradict Plaintiff's account of the transaction underlying this lawsuit.

In light of the contradictory testimony presented, the dearth of documentary evidence reflecting on the nature of the parties' agreement, and the limited relevance of many of Plaintiff's arguments, Plaintiff has fallen far short of fulfilling its burden of showing that no rational trier of fact could find for Defendant Erlikh. Accordingly, Plaintiff's motion for summary judgment is denied in its entirety.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 26, 2014

/s/<br>
DORA L. IRIZARRY<br>
United States District Judge